## Hagan Ice Cream Co. v. Ice Cream Workers' Union No. 247

*W. Brown Higbee*, for plaintiff.

*Anthony Cavalcante*, for defendants.

DUMBAULD, P. J., April 24, 1942.—Plaintiff's bill of complaint and injunction affidavits were presented in support of a prayer for a preliminary injunction restraining defendants, who are parties to a labor dispute, from "Picketing and patrolling the street in front of plaintiff's place of business at the retail store and factory."

Paragraph 9 of plaintiff's bill is in this language:

"Defendants and their agents, representatives, officers and employes are now engaged in a course of conduct intended or calculated to coerce your orator to breach or violate its contract with Hagan Welfare Association, and to compel or require its employes to

become members of or otherwise join defendants' labor organizations."

Being of the opinion that there was thus pleaded a case within clause (*a*) and clause (*b*) of the proviso contained in the Act of June 9, 1939, P. L. 302, the chancellor awarded a preliminary injunction, restraining defendants from the acts enumerated in the bill, without a hearing or otherwise complying with the procedural requirements of sections 9, 10, 11, 12, 13, and 14 of the Labor Anti-Injunction Act of June 2, 1937, P. L. 1198.

At the hearing on motion to continue the preliminary injunction, defendants moved to dissolve the injunction and dismiss the bill, assigning in support of such motion the fact that the temporary restraining order did not contain the provision contained in section 14 of the above-recited Labor Anti-Injunction Act, as follows:

". . . 'That complainant and/or the employer and their or either of their agents or employes shall be enjoined from any and all acts or threats of violence, intimidation, coercion, molestation, libel or slander against the respondents or organizations engaged in the labor dispute.' "

Being still of the opinion that plaintiff had pleaded a case, the facts of which, under both clauses of the cited proviso, excluded it from the provisions of the Labor Anti-Injunction Act, the motion was refused.

The testimony produced at the hearing conclusively showed that the contract with Hagan Welfare Association, the coercive effort to breach which is pleaded in paragraph 9, was made and executed after the beginning of the dispute and therefore not effective to exempt this case from the provisions of the Labor Anti-Injunction Act: DeWilde et al. v. Scranton Building Trades & Construction Council et al., 343 Pa. 224; Tankin et al. v. Hotel & Restaurant Workers Industrial Union, Local No. 356, C. I. O., et al., 36 D. & C. 537.

The testimony, both of plaintiff and defendants, was uniform to the effect that the strike was called and the picket line formed for the express purpose of compelling plaintiff to sign a closed shop contract with Ice Cream Workers' Union No. 247, of Uniontown, Pa., a subsidiary of Bakers & Confectionery Workers International Union of America. Such closed shop contract demanded by a minority of plaintiff's employes in the production department would inevitably mean that plaintiff had been coerced into action compelling or requiring his employes to join a labor organization.

This set of facts brings plaintiff's case squarely within clause (b) of the Act of 1939, supra, as pleaded in plaintiff's bill, wherein it is alleged that defendants ". . . are now engaged in a course of conduct intended or calculated to coerce the plaintiff . . . to compel or require its employes to become members of or otherwise join defendants' labor organizations."

At the close of the testimony, defendants again moved to dissolve the injunction and dismiss the bill because, under the testimony adduced, it was clear that the preliminary injunction had been issued without compliance with procedural requirements of the sections of the Labor Anti-Injunction Act hereinbefore referred to.

This motion was also refused, the chancellor being convinced that the facts upon the basis of which the preliminary injunction was issued brought the case within clause (b) of the amendatory Act of June 9, 1939, P. L. 302, exempting from the operation of the Act of 1937 cases where two or more labor organizations are competing for membership of the employes for any labor organization, or any of its officers, agents, representatives, employes, or members engaged in a course of conduct intended or calculated to coerce employers to compel or require their employes to prefer or become members of or otherwise join any labor organization.

The injunction was continued until final hearing and defendants required to answer on the merits.

Thereupon defendants presented to the chancellor a request to certify the record and evidence to the Supreme Court under section 15 of the Labor Anti-Injunction Act. This request is in the following language:

"Pursuant to section 15 of the Labor Anti-Injunction Act, which, inter alia, reads as follows:

" 'Whenever any court of this Commonwealth shall issue or deny any temporary injunction in a case involving or growing out of a labor dispute, the court shall, upon the request of any party to the proceedings, and on his filing the usual bond for costs, forthwith certify, as in ordinary cases, the record of the case, including a transcript of the evidence taken, to the Supreme Court, for its review . . .'

"Sam Fingerett and Basil Brownfield, for themselves and their co-defendants, request the Honorable Court to forthwith certify the record of the above-entitled case to the Supreme Court for its review. The parties have attached hereto the usual bond for costs."

We have thus at length reviewed the preliminary proceedings in this case so as to present clearly the question involved, namely, do the facts, upon which the preliminary injunction was so issued and later continued, present a case with sufficient basis for injunctive relief in view of the provisions of the Labor Anti-Injunction Act of June 2, 1937, P. L. 1198, as amended by the Act of June 9, 1939, P. L. 302?

The Labor Anti-Injunction Act clearly restricted and limited the jurisdiction of the courts of common pleas to issue restraining orders, either temporary or permanent, in cases where a labor dispute was involved.

The procedural requisites for the exercise of such jurisdiction are clearly set forth in the several sections of the act, particularly sections 4, 6, 9, 10, 11,

12, 13 and 14. Section 15, in substance, has been quoted. Section 16 limits the time during which such injunction may be effective.

From June 2, 1937, until June 9, 1939, the court was without jurisdiction to issue a restraining order or temporary or permanent injunction without observing each and all of the requirements thus by law provided.

The Act of June 9, 1939, supra, completely changed the situation. As to cases disclosing facts as described in clauses (a), (b), (c) and (d) of the proviso, equitable jurisdiction, according to earlier acts of assembly and judicial decisions, was completely restored.

Attention to the comprehensive character of the amendment is proper. Section 4 of the Act of 1937 is cited for amendment. After restating the language of section 4 of the Act of 1937, we find a proviso in this clear and unmistakable language:

". . . Provided, however, That this act shall not apply in any case—

(a) Involving a labor dispute, as defined herein, . . .

(b) . . . where two or more labor organizations are competing for membership of the employes, and any labor organization or any of its officers, agents, representatives, employes, or members engages in a course of conduct intended or calculated to coerce an employer to compel or require his employes to prefer or become members of or otherwise join any labor organization."

This language is unambiguous. It cannot be misunderstood. It exempts from all the requirements of the Labor Anti-Injunction Act, by which the earlier jurisdiction of the courts of common pleas was limited or restricted, every case where the facts involving a labor dispute are described so as to bring the case within any of the clauses of this proviso. Equity jurisdiction, as it existed before the approval of the Labor Anti-Injunction Act, was fully restored. There-

after, so far as such specific cases are concerned, the law is as though the Labor Anti-Injunction Act had not been passed.

Though the exact question that is here presented has not been adjudicated, the courts have had numerous occasions to discuss the principle that is actually involved.

In Pando v. Bartenders' International Alliance, Uniontown Local No. 78, et al., 37 D. & C. 169, this court granted injunctive relief in a case where the facts were clearly within clause (a) of the proviso of the Act of 1939.

In Comerford-Publix Theatres Corp. v. United Theatrical Alliance of the C. I. O., Local 997, et al., 39 D. & C. 699, Leach, P. J., of the Court of Common Pleas of Lackawanna County, uses this plain language (p. 702) :

"By the express provisions of the amending Act of 1939, supra, the courts of equity are allowed to resume their ancient jurisdiction and protect employers who try to carry out the provisions of their contract with a recognized labor union."

In Flashner v. Amalgamated Meat Cutters & Butcher Workmen of North America, Local 195, etc., 37 D. & C. 337, Kun, J., of Court of Common Pleas No. 1 of Philadelphia County, issued a preliminary injunction, and, after hearing, made it permanent, restraining, under the conditions present in that case, the picketing of a place of business. In a particularly lucid opinion, he takes occasion to say (p. 348) :

"However, the legislature by the amending Act of 1939 expressed a complete reversal of policy on this point by the provision (section 4(b) ) that the Act of 1937, meaning, inter alia, the restrictions just referred to, shall not apply where a majority of employes have not joined a labor organization, etc."

The "etc." used in this opinion includes the remaining part of clause (b) or proviso, namely:

". . . and any labor organization or any of its officers, agents, representatives, employes, or members engages in a course of conduct intended or calculated to coerce an employer to compel or require his employes to prefer or become members of or otherwise join any labor organization."

In Hudson Recreation Co. v. Bowling, Billiard & Athletic Employes' Union, Local 209, 39 D. & C. 655, Alessandroni, J., of Court of Common Pleas No. 5 of Philadelphia County, disposed of a case strikingly like the instant one, and in which he issued a preliminary injunction restraining the picketing of public places of business. In that case, the same as in ours, "Complainant's testimony, as well as that of defendant, establishes that the latter has demanded that it be recognized as the exclusive bargaining agent, the result of which would force the employer to require his employes to join defendant union. At any rate the recognition of either of the associations as the exclusive bargaining agent would constitute an unfair labor practice." (p. 661).

DeWilde et al. v. Scranton Building Trades & Construction Council et al., supra, a case involving the same general principle, reached the Supreme Court of Pennsylvania.

The Court of Common Pleas of Lackawanna County issued a preliminary injunction ex parte, enjoining all picketing by appellants and in effect enjoining the doing of any act by them whatever, whether legal or illegal, to hinder or delay the erection of the bridge in question.

After final hearing, the court made the preliminary injunction permanent. On appeal, after stating the facts found, and also calling attention to some findings of fact that were not made by the court below, Patterson, J., states the question in this language (p. 227):

"These are, in substance, the findings of fact upon

which the decree of the court was issued, and the question is presented whether they form a sufficient basis for injunctive relief in view of the provisions of the Labor Anti-Injunction Act of June 2, 1937, P. L. 1198, as amended by the Act of June 9, 1939, P. L. 302."

Mr. Justice Patterson then proceeds to discuss the fact that the controversy is one involving or growing out of a "labor dispute" within the meaning of that phrase as defined by the Labor Anti-Injunction Act (1937). He recites the provisions of that act, showing that the court was without jurisdiction to issue ex parte the temporary or restraining order or to make the injunction permanent if the facts were such as to confine the relief to the provisions of the Act of 1937, and by inference indicating what the situation would have been had the facts of the case disclosed such a situation as to bring the case within the amendatory Act of June 9, 1939.

In that case the jurisdictional question was based upon an agreement that was exactly like the agreement in our case with the Hagan Welfare Association. The factual situation described in clause (b) of the Act of June 9, 1939, was not at all involved in the case we are discussing. Mr. Justice Patterson begins his statement as to this factual situation by this clear statement (p. 229):

"The facts upon the basis of which the injunction in the instant case was issued do not bring appellees within the amendatory Act of June 9, 1939, P. L. 302, *exempting from the operation of the Act of 1937 cases involving a labor dispute* [italics supplied], 'in disregard, breach, or violation of, or which tends to procure the disregard, breach, or violation of, a valid subsisting labor agreement arrived at between an employer and the representatives designated or selected by the employees for the purpose of collective bargaining.' "

The inference is irresistible, both from the content

of the finding and from the language used that, where a case presents a factual situation bringing it within any of the provisions of the Act of June 9, 1939, such case is exempt from all the provisions of the Act of 1937.

Western Pennsylvania Hospital et al. v. Lichliter et al., 340 Pa. 382, in principle, rules this case. The bill prayed for an injunction to restrain unionization activities in a group of Western Pennsylvania hospitals. The defendants were the Pennsylvania Labor Relations Board and Hospital Workers Local Union No. 255 of the State, County and Municipal Workers of America, affiliated with the Congress of Industrial Organizations. The board filed an answer raising preliminary objections to the bill and the local union challenged the jurisdiction of the court to issue such injunction under the Act of March 5, 1925, P. L. 23. Thus the right of the court of common pleas to issue an injunction in a labor dispute was brought to the attention of the court in limine. The only issue was whether both parties to the labor dispute were affected by the Labor Anti-Injunction Act and the Pennsylvania Labor Relations Act. The court of common pleas granted the preliminary restraining order without a hearing and without in any manner observing the procedural requirements of these acts. The Court of Common Pleas of Dauphin County, Richards, P. J., specially presiding, reached the conclusion that neither the Pennsylvania Labor Relations Act, nor the Labor Anti-Injunction Act, applied to the situation; and that the court had the power and it was its duty to grant the preliminary injunction under the circumstances, *without hearing*.

On appeal to the Supreme Court by defendant Hospital Workers Union, the decree was affirmed per curiam, the court saying (p. 394):

"The decree of the court below is affirmed on the comprehensive opinion of Judge RICHARDS."

This "comprehensive opinion" contains these words (p. 392):

"The Courts of Common Pleas may still exercise the equitable powers conferred upon them by the Act of 1836, P. L. 784, 17 PS §281, and the Act of 1857, P. L. 39, 17 PS §285, unless these powers have been taken away from them by some statute. We have already reached the conclusion that, so far as this case is concerned, neither the Labor Anti-Injunction Act nor the Pennsylvania Labor Relations Act has divested this Court of its equitable powers to issue the injunction, nor have counsel referred us to any other statute having that effect."

In the discussion, Judge Richards points out that the facts of the case he was considering excluded that case from the operation of the Labor Anti-Injunction Act of 1937. Defendant, later the appellant, insisted that the facts of the case did place plaintiffs and the union in a labor dispute and within the provisions of the act. After deciding that the inherent characteristics of plaintiff's business, though possibly included in the literal meaning of the language of the act, were not within the spirit and therefore not subject to its procedural regulations, he granted the injunction.

Here we have a case where the facts pleaded and proven literally remove the case from the application of the act, and exempt it from its regulatory provisions. There can be no distinction in principle between a case which is exempted from the Labor Anti-Injunction Act by the inherent character of its salient facts and a case which is especially exempted from these same provisions because certain facts prescribed by clauses (a) and (n) of the proviso are found to exist. In such case, it is plain that the ante-Anti-Injunction Act status of the equitable proceeding remains.

A helpful discussion of "The Labor Injunction in Pennsylvania—its background and present status" is found in an article in vol. XLV, no. 4, Dickinson Law Rev. of May 1941, at p. 313.

It follows, therefore, from the simple language of

the amending act that, in a case where it appears that "any labor organization or any of its officers, agents, representatives, employes, or members engages in a course of conduct intended or calculated to coerce an employer to compel or require his employes to prefer or become members of or otherwise join any labor organization," the proceeding is to be disposed of as though the Labor Anti-Injunction Act of 1937 had not been passed. When the legislature said: "Provided, however, that this act shall not apply in any case" where the circumstances just cited appear, it meant just what it said and such case must be disposed of under the equitable jurisdiction existing before passage of the Act of 1937.

Since the exercise of that jurisdiction did not require the procedure set up by the Act of 1937, all the added requirements of that act, including section 15, are eliminated from a proper consideration of this case.

It has been the purpose to determine now only the jurisdictional questions raised by the petition of defendants. The merits are to be considered upon final hearing.

We must, therefore, refuse the request of defendants to "forthwith certify, as in ordinary cases, the record of the case, including a transcript of the evidence taken, to the Supreme Court for its review," until an appeal is taken to that court. The record, including the transcript of the evidence, will be filed as in ordinary cases, and will be available for defendants' use when such an appeal is actually taken and filed.

### Order

Now, April 24, 1942, upon consideration, and for reasons set forth in the foregoing opinion, the request of defendants Sam Fingerett and Basil Brownfield, for themselves and their co-defendants, to forthwith certify the record of the above-entitled case to the Supreme Court for its review, be and the same hereby is refused.